## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILLIP D. COLLINS, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:03cv1549 |
| | : | CRIMINAL CASE NO. |
| UNITED STATES OF AMERICA, | : | 3:01cr222 |
| Respondent. | : | |
| | : | |

### RULING DENYING PETITION FOR SECTION 2255 RELIEF

On June 13, 2002, Phillip Collins appeared before this court and pled guilty to possessing

cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  He was

sentenced to 154 months' imprisonment, a fine of $1,300, and three years' supervised release.

He did not appeal his sentence.  Collins is now confined at a federal facility in White Deer,

Pennsylvania.  Pursuant to 28 U.S.C. § 2255, he has filed a motion *pro se* to vacate, set aside, or

correct his sentence, alleging (1) the invalidity of the arrest warrant, (2) the inapplicability of the

Sentencing Guidelines career offender provision, and (3) ineffective assistance of counsel.

Collins has also filed a pleading entitled "Judicial Notice" purporting to move under Federal

Rules of Civil Procedure 60(b)(6) and 12(h) and asserting that the court lacked subject matter

jurisdiction to convict and sentence him.  Finally, Collins recently filed an amendment to his

section 2255 petition.  In his latest filing, Collins alleges prosecutorial misconduct in connection

with the arrest warrant and claims that he was sentenced for a crime for which he was not

indicted.

Collins bases his claims on errors in the pre-sentence report ("PSR") and does not suggest

that there is any relevant evidence outside the record.  Because "the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief," an evidentiary

hearing is unnecessary. 28 U.S.C. § 2255. *Cf. Armienti v. United States*, 234 F.3d 820, 825 (2d

Cir. 2000) (section 2255 motion involving off-the-record interactions with counsel cannot be

determined by examining the motion, files, and record before the district court).

## I.    Background

On September 19, 2001, a federal grand jury indicted Collins on two counts: (1) knowing

possession of a firearm by a felon, and (2) possession with intent to distribute and distribution of

cocaine. On June 13, 2002, shortly before jury selection, Collins pled guilty to possession of

cocaine with intent to distribute.[1]

Based on the nature and number of Collins' past convictions, the Sentencing Guidelines

prescribed a base offense level of 32 as a career offender. U.S.S.G. § 4B1.1 (Nov. 2001 ed.).[2]

Because Collins accepted responsibility, timely provided full information about the offense, and

notified the government of his plea change, his offense level was reduced by three levels under

U.S.S.G. § 3E1.1(a) and §§ 3E1.1(b)(1) and (b)(2). The total offense level of 29, coupled with a

criminal history category of VI, resulted in a Guidelines range of 151 to 181 months'

imprisonment. His attorney moved for a downward departure based largely on Collins' difficult

childhood and drug and alcohol addiction.

On September 3, 2003, Collins was sentenced at the lower end of the Guidelines range to

a term of 154 months' imprisonment, a fine of $1,300, and three years of supervised release. The

motion for a downward departure was denied. Collins did not appeal his sentence. He timely

filed *pro se* his motion for section 2255 relief on September 3, 2004.

---

[1] After sentencing, the government moved to dismiss Count One.

[2] All citations to the Sentencing Guidelines refer to the November 2001 edition.

II.    **Discussion**

    A.    <u>Purported Motion under Rules 60(b) and 12(h)</u>

Collins has filed a pleading entitled "Judicial Notice," purportedly moving under Federal Rules of Civil Procedure 60(b) and 12(h) and arguing principally that the court lacks subject matter jurisdiction over his conviction and sentence. Even apart from his misplaced reliance on the Federal Rules of Civil Procedure, Collins' arguments are without merit.

The federal courts have original and exclusive jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. Count Two of the indictment charged Collins with violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), laws of the United States. Collins pled guilty to narcotics possession in violation of sections 841(a)(1) and (b)(1)(C). Accordingly, the court had subject matter jurisdiction.

    B.    <u>Motion for Section 2255 Relief</u>

Collins' section 2255 motion puts forth three bases for challenging his sentence: (1) the invalidity of the arrest warrant and related prosecutorial misconduct, (2) the inapplicability of the Sentencing Guidelines career offender provision, and (3) ineffective assistance of counsel. Because section 2255 may not be used as a substitute for an appeal, his *pro se* motion is broadly read to encompass the failure to appeal the sentence within his claim of ineffective assistance of counsel. *See United States v. Munoz*, 143 F.3d 632, 637 (2d Cir. 1998) (noting that section 2255 is not a substitute for an appeal).

    1.    *Arrest Warrant and Alleged Prosecutorial Misconduct*

"It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." *United States v. Garcia*, 339 F.3d

116, 117 (2d Cir. 2003) (citation omitted).  Thus, because Collins pled guilty, he is barred from

raising claims relating to the arrest warrant in his section 2255 motion.  Likewise, because he

pled guilty and only reserved his appeal rights relating to sentencing, Collins has waived "all

challenges to the prosecution except those going to the court's jurisdiction."  *Hayle v. United*

*States*, 815 F.2d 879, 881 (2d Cir. 1987).[3]

2.    *Applicability of Sentencing Guidelines Career Offender Provision*

Collins argues that he was incorrectly sentenced as a career offender under U.S.S.G.

§ 4B1.1.  Ordinarily, a petitioner is barred from seeking relief under section 2255 on claims that

he could have raised on appeal but did not.  *See Reed v. Farley*, 512 U.S. 339, 354 (1994)

(citing Sunal *v. Large*, 332 U.S. 174, 178 (1947)).  The procedural bar raised by Collins' failure

to appeal his sentence does not, however, prevent him from raising a claim of ineffective

assistance of counsel in a collateral proceeding.  *See Massaro v. United States*, 538 U.S. 500,

508-09 (2003).

Although Collins did not specifically allege that his failure to appeal his sentence was due

to his counsel's ineffective assistance, I will read his *pro se* petition liberally and assume that he

intends to incorporate the failure to appeal the sentence within his claim of ineffective assistance

of counsel.

---

[3] With respect to the alleged prosecutorial misconduct, Collins' only claim is that the
prosecutor is responsible for protecting the rights of the accused and should have seen his case's
"irregularities."  Collins cites *United States v. Valentine*, 820 F.2d 656 (2d Cir. 1987), but does
not suggest that any evidence was actually excluded, ignored, or mischaracterized by the
prosecutor.  Nothing in his filings with the court suggests that the allegation of prosecutorial
misconduct is anything but frivolous.

3.    *Ineffective Assistance of Counsel*

Collins bases his claim of ineffective assistance of counsel largely on his counsel's failure to challenge errors in the PSR and the applicability of U.S.S.G. § 4B1.1, the career offender provision. Specifically, Collins points to (1) his counsel's failure to challenge the applicability of section 4B1.1 due to two alleged errors in the PSR,[4] and (2) his counsel's failure to challenge the PSR's reference to 2.81 grams of cocaine base, a quantity not stated in the indictment. Additionally, I have construed his petition as incorporating, as grounds for the ineffective assistance of counsel claim, the failure to appeal his sentence.

In order to demonstrate ineffective assistance of counsel, Collins must show (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Judicial review of counsel's actions is "highly deferential." *Bell v. Cone*, 535 U.S. 685, 598 (2002).

a.    Career Offender Provision

Collins was sentenced as a career offender under U.S.S.G. § 4B1.1, which provides that:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

---

[4] The government acknowledges that the PSR wrongly identified Collins' 1988 conviction for possession of narcotics as a felony sale. (Gov't Response at 7.) Collins also challenges the felony classification of an assault conviction for which he was sentenced on March 31, 1994 to only one year. Without determining whether that conviction was, in fact, misidentified as a felony, I have assumed for purposes of this motion that Collins is correct.

U.S.S.G. § 4B1.1.  The phrase "two prior felony convictions" means:

> (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*.

U.S.S.G. § 4B1.2(c).

Collins was over eighteen when he committed the instant offense, a felony and controlled substance offense.  He challenges, however, whether he possessed the requisite number and type of felony convictions to satisfy section 4B1.2(c) and to mandate sentencing as a career offender.

First, Collins aptly noted that the PSR incorrectly classified as a felony one of his past convictions for narcotics possession, an error that his attorney apparently did not notice.  (PSR ¶ 20.)  Collins also claims that one of the past assault convictions (for which he was sentenced on March 31, 1994) was improperly classified as a felony because the maximum sentence did not exceed one year, a second error that his attorney did not correct.  Finally, Collins argues that the three convictions for which he was sentenced on January 15, 1992 should not be counted separately because they were consolidated for sentencing and thus were "related cases" within the meaning of section 4A1.2(a)(2).  *See* U.S.S.G. § 4A1.2, appl. n.3.[5]  Assuming the truth of all

---

[5] The PSR does not contain the details of one of the assault convictions for which Collins was sentenced on January 15, 1992.  (PSR ¶ 32.)  The remaining two convictions for which he was sentenced that day do not, in fact, appear to have been consolidated for sentencing.  The facts in the PSR establish that the two convictions differ factually (assault versus robbery) and occurred months apart (May versus September).  *See, e.g.*, *United States v. Gelzer*, 50 F.3d 1133, 1143 (2d Cir. 1995) (holding that cases are not considered consolidated for sentencing merely

of these allegations, Collins was nevertheless not prejudiced by the performance of his attorney. Due to his remaining, undisputed felony convictions, Collins was properly sentenced under section 4B1.2 as a career offender.

Prior to the instant offense, Collins' past convictions included among others: assault in the second degree for which he was sentenced on April 2, 1986 (PSR ¶ 25), two counts of assault in the second degree under separate docket numbers and a count of robbery for which he was sentenced on January 15, 1992 (PSR ¶ 28). At sentencing, Collins' attorney questioned whether on pleading guilty Collins had admitted to the underlying facts put forth in the police reports and summarized in the PSR, but did not further clarify this issue, and the court adopted the facts as set forth in the PSR. In his petition, Collins does not dispute the underlying facts surrounding those convictions.

Collins challenges the inclusion of the 1986 conviction because he alleges it fell outside the applicable time period under U.S.S.G. § 4A1.2(e). Section 4A1.2 addresses the computation of criminal history for purposes of the criminal history category, and its definitions and instructions are applicable to the counting of convictions under the career offender provision. U.S.S.G. § 4B1.2, appl. n.4.

Section 4A1.2(e) provides:

> (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S.S.G. § 4A1.2(e)(1).

---

because sentences were imposed on the same day).

The PSR reflects that Collins was arrested for assault in the second degree on May 17, 1985, sentenced on April 2, 1986, and discharged on October 9, 1987. (PSR ¶ 25.) Count Two of the indictment charged Collins with possession with intent to distribute cocaine on or about June 13, 2001. Because the term of imprisonment (thirty months) exceeded one year and one month, and the incarceration extended into the fifteen-year period prior to the commencement of the instant offense, the 1986 sentence does not fall outside the applicable time period of section 4A1.2(e)(1). Thus, it is counted as a prior felony conviction of a crime of violence under section 4B1.1.

Excluding the narcotics conviction that was improperly labeled a felony and the 1994 assault conviction that Collins claims was a misdemeanor with a maximum sentence of one year, and assuming that the assault and robbery convictions were consolidated for sentencing in 1992, Collins was nevertheless properly sentenced as a career offender; he had at least two prior felony convictions of crimes of violence prior to the instant conviction. Specifically, Collins was sentenced for his conviction of second degree assault on April 2, 1986 and was sentenced on January 15, 1992 for his convictions of two counts of second degree assault and one count of robbery. (PSR ¶¶ 25, 28-30.) The underlying facts of the 1986 conviction and one of the 1992 assault convictions establish that these were aggravated assaults, thus qualifying as "crimes of violence" for purposes of the career offender provision.[6] U.S.S.G. § 4B1.2, appl. n.1 (noting that "crimes of violence" include aggravated assault). Additionally, Collins' 1992 robbery conviction is a "crime of violence" for purposes of the career offender provision. *Id.* (noting that "crimes of

---

[6] According to the PSR, the 1986 conviction for assault resulted from Collins' striking a victim on the top of his head with a bottle of wine. (PSR ¶ 25.) One of the 1992 convictions for assault resulted from Collins' shooting the victim in both feet. (PSR ¶ 29.)

violence" include robbery).  Assuming the 1992 convictions were consolidated at sentencing,

they are still counted as one felony conviction.  *See* U.S.S.G. § 4A1.2(a)(2) (Prior sentences

imposed in related cases are to be counted as one sentence for purposes of § 4A1.1(a), (b) and

(c)).  Collins does not assert his innocence with respect to those underlying state convictions, nor

does he dispute the facts as set forth in the PSR.  Accordingly, the 1992 sentence for convictions

of assault and robbery, even if consolidated, and the 1986 assault conviction together qualify as

"at least two prior felony convictions of  . . . a crime of violence."  U.S.S.G. § 4B1.1.

        b.      Quantity of Cocaine Base

Collins also asserts ineffective assistance of counsel based on his attorney's failure to

challenge his sentence despite the allegedly incorrect quantity of cocaine base specified in the

PSR.  He argues that, because of the difference between the quantity in the PSR and the quantity

in the indictment, his sentence violates the principles of *Apprendi*.[7]  *Apprendi v. New Jersey*, 530

U.S. 466 (2000) (holding that other than fact of prior conviction any fact that increases penalty

for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond a

reasonable doubt).

The quantity specified in the PSR did not affect the Sentencing Guidelines range because,

as described above, Collins was sentenced as a career offender under section 4B1.1, which

established his base offense level of 32.[8]  In addition, his sentence of 154 months' imprisonment

---

[7] In fact, the indictment did not specify a quantity at all but merely charged that Collins "did knowingly and intentionally possess  . . . a mixture and substance which contained a detectable amount of cocaine, a Schedule II controlled substance."

[8] According to the PSR, the base offense level for a violation of 21 U.S.C. § 841(a)(1) involving the alleged quantity of cocaine is 22.  PSR ¶ 14 (<u>citing</u> U.S.S.G. §§ 2D1.1(c)(9) and 2D1.1, n.10).  Where, as here, the career offender provision results in a higher base offense level

does not exceed the statutory maximum of twenty years under 21 U.S.C. § 841(b)(1)(C). Thus, his invocation of *Apprendi* does not lend support to his argument that he was prejudiced by ineffective counsel.

In his recent amendment to his section 2255 motion, Collins alleges that he was sentenced for a crime other than the crime for which he was indicted. He is mistaken. A grand jury indicted Collins for violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and he was sentenced for violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). If Collins intends to challenge as an "uncharged act," the PSR's reference to a quantity of cocaine base that was not specified in the indictment, such a challenge is without merit. As noted above, Collins was sentenced as a career offender, and the quantity of cocaine mentioned in the PSR did not affect the Sentencing Guidelines range. Thus, any claim of ineffective assistance of counsel based on this argument is also without merit.

c.    Failure to Appeal Sentence

To repeat, I have construed Collins' claim of ineffective assistance of counsel to include the failure to appeal Collins' sentence. Apart from his allegations regarding the inapplicability of the Sentencing Guidelines career offender provision, Collins' section 2255 motion includes no arguments to support an appeal of his sentence. The discussion above illustrates that Collins was properly sentenced as a career offender; thus, his counsel's failure to appeal the sentence was not ineffective.

---

(32) than otherwise applicable, the offense level based on the career offender provision applies. U.S.S.G. § 4B1.1.

C.     *Effect of* Booker/Fanfan

On January 25, 2005, Collins filed a request to submit a supplemental brief in light of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (June 24, 2004), and *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 2005 WL 50108 (Jan. 12, 2005) ("*Booker/Fanfan*").  I granted his motion, and on February 16, 2005, Collins filed an amendment to his section 2255 petition.  His amendment contains no arguments relating to *Booker/Fanfan* or the court's calculation of his sentence.

Nevertheless, I note that despite the Supreme Court's recent holding in *Booker/Fanfan* that the Sentencing Guidelines are no longer mandatory, when sentencing a defendant I must continue to consider the Guidelines as well as all the factors listed in 18 U.S.C. § 3553(a). *United States v. Crosby*, __ F.3d __,  2005 WL 240916, *7 (2d Cir. Feb. 2, 2005).

Because of Collins' status as a career offender, the Guidelines recommended a sentence of imprisonment between 151 and 181 months.  I sentenced Collins to 154 months' imprisonment.  Although the Guidelines permitted me to sentence him to as few as 151 months, I imposed a somewhat lengthier sentence after considering the relevant factors.

Upon review of his case, I note that, even if Collins' sentence were before me for reconsideration, I would impose the same sentence that he received initially.

### III.     Conclusion

In sum, Collins' claims are based largely on misinterpretations of the relevant Sentencing Guidelines provisions.  Had his attorney pointed out the errors in the PSR, Collins nevertheless would have been subject to the career offender provision and the base offense level of 32; thus, Collins was not prejudiced by his attorney's conduct.

Collins' motion for relief pursuant to 28 U.S.C. § 2255 (doc. # 57) is DENIED.  His

motion under Rules 60(b) and 12(h) of the Federal Rules of Civil Procedure (doc. # 72) is

DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 25th day of February 2005.

    /s/ Stefan R. Underhill
              Stefan R. Underhill
              United States District Judge